IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00189-BNB

LIONEL A. LOVATO, # 91649,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
ARI ZAVARES, Executive Director,
DR. MECHELLIN, Buena Vista Physician, and
GEORGE W. DUNBAR, Warden Buena Vista,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 8 2008

GREGORY C. LANGHAM
                CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Lionel A. Lovato is in the custody of the Colorado Department of Corrections and currently is detained at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. Mr. Lovato has submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that he has been denied proper medical treatment.

The Court must construe the Complaint liberally because Mr. Lovato is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

In the Complaint, Plaintiff alleges that in 1996 or 1997 he was incorrectly diagnosed with Lupus. Plaintiff further asserts that as a result of the misdiagnosis he has suffered both short term and long term physical problems from the medication that he was given, and his health has been permanently and irreversibly affected. Plaintiff also asserts that because the medicine caused him physical trauma he was placed on ADA status and was restricted from normal progression through the DOC. Plaintiff further asserts that the DOC and Defendant Dunbar are responsible for the injuries he has incurred because they supervise Defendant Mechellin. Plaintiff seeks money damages and release from prison. He asserts that he has exhausted all of his administrative remedies with respect to the claims.

The case and the claims alleged against Defendant Dr. Mechellin will be drawn to a district judge and to a magistrate judge. Defendants Colorado Department of Corrections, Ari Zavares, and George W. Dunbar, however, will be dismissed from the action.

Defendant Colorado Department of Corrections is an agency of the State of Colorado, *see* Colo. Rev. Stat. § 24-1-128.5., and is protected by Eleventh Amendment immunity, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an

unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." ***Ramirez v. Oklahoma Dep't of Mental Health***, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, **see *Griess v. Colorado***, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, ***Quern v. Jordan***, 440 U.S. 332, 340-345 (1979).

As for Defendants Ari Zavares and George W. Dunbar, personal participation is an essential allegation in a civil rights action. **See *Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. **See *Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. **See *Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. **See *Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. **See *Woodward v. City of Worland***, 977 F.2d 1392, 1400 (10th Cir. 1992); ***Meade v. Grubbs***, 841 F.2d 1512, 1528 (10th Cir. 1988).

3

Mr. Lovato asserts that because Defendants Zavares and Dunbar supervise Defendant Mechellin they are liable for the alleged misdiagnosis. Plaintiff fails to assert that Defendant Zavares and Dunbar personally participated in the alleged misdiagnosis. Therefore, Defendants Zavares and Dunbar will be dismissed as parties to this action. Accordingly, it is

ORDERED that Defendants Colorado Department of Corrections, Ari Zavares, and George W. Dunbar are dismissed as parties to this action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Colorado Department of Corrections, Ari Zavares, and George W. Dunbar from the docket as parties to the action. It is

FURTHER ORDERED that the case and the claims alleged against remaining Defendant Dr. Mechellin shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 7 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00189-BNB

Lionel A. Lovato
Prisoner No. 91649
Cheyenne Mountain Re-Entry Center
2925 East Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/8/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk