IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00189-PAB-MEH

LIONEL A. LOVATO,

    Plaintiff,

v.

DR. MECHELLIN,

    Defendant.

---

**RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are Plaintiff's Motion for Enlargement of Time [filed November 21, 2008; docket #19] and Plaintiff's Motion for Appointment of Councel [sic] [filed January 28, 2008; docket #23]. For the reasons stated herein, the Court orders Plaintiff's Motions are **denied as moot**, and the Court recommends Plaintiff's Complaint be **dismissed without prejudice** for lack of subject matter jurisdiction.[1]

**I.    Background**

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 on January 30, 2008. After receiving permission to proceed *in forma pauperis*, the Court accepted Plaintiff's Amended Complaint for review. (See Dockets #7, 11, 13.) The District Court dismissed three of Plaintiff's four named defendants, leaving only Plaintiff's claims against Dr. Mechellin to proceed in litigation. (Docket #13.) Plaintiff asserts one claim of "medical negligence, or malpractice" against Dr. Mechellin, for "mistakenly diagnos[ing] [Plaintiff] with lupus disease" in "late 1996, or early 1997" when Plaintiff was incarcerated at Buena Vista Correctional Facility ("BCVF"). (Docket #7 at 5.) Plaintiff alleges the medication subsequently prescribed for the diagnosis of lupus "caused enough physical trauma, that [Plaintiff] was placed on ADA status, which severely, and adversely affected [his] progress through [the Colorado Department of Corrections]." (*Id*.) Plaintiff states he "became aware that [he] did not have lupus in July 07." (*Id*.)

The District Court ordered service by the United States Marshal on May 19, 2008. The Office of Correctional Legal Services for the Colorado Department of Corrections ("CDOC") returned a Waiver of Service of Summons unexecuted on May 20, 2008, stating "there was no DOC employee named 'Mechellin' at BVCF in 1996-1997." (Docket #16.) However, the returned waiver also explained that "there was an employee named Dr. T. Dwaine McCallon, who no longer works for the Department of Corrections." (*Id*.) The waiver included a post office box address for Dr. McCallon.

No further activity occurred in this matter until October 22, 2008, when the Court reassigned this action to Judge Brimmer. The issues presently before the Court arose upon review of the two motions filed by Plaintiff, on November 21, 2008, and January 28, 2009. For the reasons stated below, the Court *sua sponte* concludes it lacks subject matter jurisdiction and recommends dismissal

2

of Plaintiff's Complaint without prejudice.[2]

## II. Discussion

Fed. R. Civ. P. 12(h)(3) requires that "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Plaintiff asserts subject matter jurisdiction pursuant to 42 U.S.C. § 1983. In order to do so properly, Plaintiff must "allege a deprivation of a federal or constitutional right by a person acting under color of state law." *E.g.*, *Young v. Martinez*, No. 07-cv-01222-WYD-CBS, 2008 WL 793575, at *7 (D. Colo. Mar. 21, 2008) (citing *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988)). Plaintiff specifically articulates his claim as "medical negligence, or malpractice" in his Amended Complaint, as well as "misdiagnosis/ medical malpractice" in his Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (Docket #7 at 5; Docket #8 at 1). As the Tenth Circuit determined, "medical malpractice is not compensable under § 1983 because inadvertent failure to provide adequate medical care or negligence in diagnosing or treating a medical condition does not violate the Eighth Amendment." *Braxton v. Wyandotte County Sheriff's Dep't*, 205 F. App'x 791, 793 (10th Cir. 2006). Additionally, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

None of the facts pled by Plaintiff refer to the Eighth Amendment, nor can the Court infer from the pleadings any facts indicating the standard of deliberate indifference to serious medical

---

[2]Notably, in addition to the lack of subject matter jurisdiction, it has also come to the Court's attention that Plaintiff has not complied with his *in forma pauperis* obligations pursuant to 28 U.S.C. § 1915. Plaintiff must either make the required monthly payments or file a properly certified copy of his inmate trust fund account statement demonstrating that he is not required to make a monthly payment, pursuant to 28 U.S.C. § 1915(b)(2). During the pendency of Plaintiff's case, Plaintiff submitted only one Inmate Trust Fund Account statement on March 25, 2008, and only one payment in the amount of $27.00 on April 23, 2008, both in response to the Court's orders issued March 13, 2008 and March 27, 2008. One statement and one payment in almost ten months of proceeding *in forma pauperis* do not satisfy the monthly *in forma pauperis* obligations.

needs necessary to allege an Eighth Amendment violation. *See Estelle*, 429 U.S. at 106; *Braxton*, 206 F. App'x at 793. Moreover, "a misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient under our case law to satisfy the subjective component of a deliberate indifference claim." *Self v. Crum*, 439 F.3d 1227, 1234 (10th Cir. 2006). Considering this in light of Plaintiff's clear and specific assertion of misdiagnosis resulting in medical malpractice, the Court concludes such claim lacks the proper subject matter jurisdiction necessary to pursue the action in federal court. Therefore, the Court recommends Plaintiff's Complaint be denied without prejudice.

### III. Conclusion

Accordingly, for the reasons stated herein, it is hereby RECOMMENDED that Plaintiff's Complaint be **dismissed without prejudice** for lack of subject matter jurisdiction; it is

ORDERED that Plaintiff's Motion for Enlargement of Time [filed November 21, 2008; docket #19] is **denied as moot**; it is

ORDERED that Plaintiff's Motion for Appointment of Councel [sic] [filed January 28, 2008; docket #23] is **denied as moot**; and it is

ORDERED that the Preliminary Scheduling/Status Conference set in this matter for March 2, 2009, at 9:30 a.m. is hereby **vacated**.

DATED this 30th day of January, 2009, in Denver, Colorado.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge