IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 08-cv-00189-PAB-MEH

LIONEL A. LOVATO,

    Plaintiff,

v.

DR. MECHELLIN,

    Defendant.

## ORDER

This matter is before the Court on the Recommendation for Dismissal Without Prejudice (the "Recommendation") [Docket No. 25] filed by United States Magistrate Judge Michael E. Hegarty. Magistrate Judge Hegarty recommends that the Court dismiss plaintiff's complaint without prejudice for lack of subject matter jurisdiction. Plaintiff filed an untimely objection [Docket No. 28] to the Recommendation. In light of plaintiff notifying the Court of a change of address shortly after the filing of the Recommendation [Docket No. 27], however, the Court will deem his objection to be timely filed. Therefore, the Court reviews the Recommendation *de novo*. *See* Fed. R. Civ. P. 72(b)(3). In so doing, the Court construes plaintiff's filings liberally because he is a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff alleges that he was misdiagnosed with lupus while an inmate at the Colorado Department of Corrections Buena Vista Correctional Facility ("BVCF") in "late

1996, or early 1997." Docket No. 7 at 5. As a consequence, plaintiff was prescribed medication to treat lupus that "caused enough physical trauma" to result in plaintiff being deemed disabled. Docket No. 7 at 5. In July 2007, plaintiff was informed that he did not suffer from lupus. Plaintiff's sole remaining claim is against defendant "Dr. Mechellin"[1] for "Medical Negligence, or Malpractice." See Docket No. 7 at 5.

Magistrate Judge Hegarty recommends dismissal of plaintiff's complaint without prejudice for lack of subject matter jurisdiction. Plaintiff invokes 42 U.S.C. § 1983 as the source of this Court's subject matter jurisdiction. A successful Section 1983 claim consists of two elements: (1) that plaintiff was deprived of a right secured by the Constitution and laws of the United States, and (2) that the defendant was acting under color of state law. *See, e.g.*, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Plaintiff has not alleged a violation of a right secured by the Constitution or federal law. The Court, however, will not dismiss the action for lack of subject matter jurisdiction. Instead, the Court construes plaintiff's complaint as attempting to allege an Eighth Amendment violation.

For the reasons noted by Magistrate Judge Hegarty, however, plaintiff's complaint does not allege facts that would support an Eighth Amendment claim against defendant. The Eighth Amendment protects a prisoner's right to "humane conditions of confinement guided by 'contemporary standards of decency.'" *Penrod v. Zavaras*, 94

---

[1]*See* Recommendation [Docket No 25] at 2 ("The Office of Correctional Legal Services for the Colorado Department of Corrections . . . returned a Waiver of Service of Summons unexecuted on May 20, 2008, stating 'there was no DOC employee named 'Mechellin' at [Buena Vista Correctional Facility] in 1996-1997.' However, the returned waiver also explained that 'there was an employee named Dr. T. Dwaine McCallon, who no longer works for the Department of Corrections.'") (citations omitted).

F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U .S. 97, 103 (1976)). As such, prison officials are required to "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and . . . tak[e] reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). A prisoner states an Eighth Amendment claim by alleging facts, *inter alia*, showing, in addition to an objectively serious medical condition or risk, that prison officials, as a subjective matter, demonstrated "deliberate indifference to a prisoner's serious illness or injury." *Estelle*, 429 U.S. at 105.

Nowhere in plaintiff's complaint or his objection does he allege any facts that would raise an inference of "deliberate indifference" on the part of defendant. *Cf. Helling v. McKinney*, 509 U.S. 25, 35 (1993). Rather, his complaint contends that defendant committed medical malpractice and his objections similarly refer to defendant's "negligent" diagnosis. However, "medical malpractice is not compensable under § 1983 because inadvertent failure to provide adequate medical care or negligence in diagnosing or treating a medical condition does not violate the Eighth Amendment." *Braxton v. Wyandotte County Sheriff's Dep't*, 206 F. App'x 791, 793 (10th Cir. 2006). More specifically, the Tenth Circuit has stated that "a misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient under our case law to satisfy the subjective component of a deliberate indifference claim." *Self v. Crum*, 439 F.3d 1227, 1234 (10th Cir. 2006) ("Where a doctor faces symptoms that could suggest either indigestion or stomach cancer, and the doctor mistakenly treats

indigestion, the doctor's culpable state of mind is not established even if the doctor's medical judgment may have been objectively unreasonable.").

For the foregoing reasons, the Court concludes that plaintiff's complaint fails to state a claim for which relief may be granted and, therefore, must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Furthermore, plaintiff's objection provides no basis to conclude that granting leave to amend would be anything but futile.

Finally, the Magistrate Judge denied plaintiff's motion for appointment of counsel [Docket No. 23] as moot, to which plaintiff objects. *See* Docket No. 28-1 at 7-8. For the reasons stated above, the Court concludes that plaintiff has not shown that he is entitled to counsel. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.1995).

Therefore, it is

**ORDERED** that the Recommendation for Dismissal Without Prejudice [Docket No. 25] is ACCEPTED in part and REJECTED in part. It is further

**ORDERED** that plaintiff's complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is further

**ORDERED** that plaintiff's objection to the denial of his motion for appointment of counsel [Docket No. 23] is overruled.

DATED October 20, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge